IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KOURTNEY WILLIAMS, | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No: 3:25-cv-760 |
| ONLINE INFORMATION SERVICES, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Kourtney Williams, by and through the undersigned counsel, and for her Complaint against Defendant Online Information Services, Inc. ("OIS") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and OIS transacts business here.

3. Under 28 U.S. Code § 1391(b)(2), a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d), when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Charlotte, a part of Mecklenburg County, North Carolina, 28215.

6. The acts that give rise to this Complaint occurred while Plaintiff was in the city of Charlotte, a part of Mecklenburg County, North Carolina, 28215, making the Charlotte Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant OIS, a corporation headquartered in Winterville, North Carolina, practices as a debt collector throughout the country, including in North Carolina.

8. Defendant OIS serves as a credit-reporting agency of consumer credit throughout the state of North Carolina, including in Charlotte and Mecklenburg County.

9. Defendant OIS has actual knowledge of where Plaintiff resided, and by improperly reporting Plaintiff's credit and providing Plaintiff with such an update, Defendant OIS purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant OIS has sufficient minimum contacts with this venue in that the alleged injuries caused to Plaintiff were caused while Plaintiff was in Charlotte and Mecklenburg County and Defendant attempts to collect alleged debts throughout the state of North Carolina.

11. Defendant OIS knowingly reported information regarding a Plaintiff domiciled in Charlotte, North Carolina, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. OIS's collection activities violated the FDCPA.

14. Defendant's credit reporting and/or failure to properly report notice-of-dispute information violated the FCRA.

15. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016) (citing Lujan v. Defenders

of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.)); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526–27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

16. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to his under the FDCPA."); see also Church v. Accretive Health, Inc., 654 F. App'x 990, 994 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

17. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

18. Plaintiff, Kourtney Williams, is a natural person currently residing in Mecklenburg County, in the state of North Carolina.

19. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

20. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

21. Defendant OIS is a corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 685 W Fire Tower Rd. Winterville, NC 28590.

22. OIS is engaged in the business of debt collection, using the mails, telephone, and consumer-collection agencies to collect consumer debts originally owed to others.

23. OIS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

24. Defendant OIS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

25. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Equifax regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public-record information;

b. Credit-account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

26. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than OIS.

27. On a date better known by OIS, OIS began to attempt to collect an alleged consumer debt from Plaintiff.

28. At all times herein OIS is a third party debt collector.

29. On or about 09/30/2024, Plaintiff sent a dispute letter via email to Defendant OIS stating that she disputes the alleged amount owed on the alleged debt.

30. On or about 10/04/2024, the dispute letter was delivered to Defendant OIS.

31. On 10/07/2024, Defendant OIS voluntarily re-reported on Plaintiff's credit file and did not include a dispute notation.

32. The Trade-Line for OIS on the credit reported was updated by OIS on 10/07/2024 with no dispute notation.

33. The alleged debt was said to be owed to Duke Energy SE and could therefore only have been incurred for personal or family purposes.

34. The alleged debt was primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36. Once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies.

37. OIS was voluntarily reporting a collection account on Plaintiff's credit report with the credit-reporting agencies.

38. OIS's voluntary reporting to the credit-reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

39. OIS furnished information to the creditor reporting agencies regarding Plaintiff's account without notifying the creditor reporting agencies that the account had been disputed by consumer.

40. OIS failed to update the account information and mark the account as disputed on the updated credit report after Plaintiff disputed the account on 09/30/2024.

41. OIS never updated the account information and never marked it as disputed even after receiving information of the dispute.

42. All of OIS's actions under the FDCPA complained of herein occurred within one year before the date of the filing of this Complaint.

43. All of OIS's actions under the FCRA complained of herein occurred within one year before the date of the filing of this Complaint.

44. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of OIS.

45. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by OIS.

46. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by OIS.

47. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

48. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of OIS.

49. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

## Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

50. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

51. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. That because Plaintiff sent a dispute letter, OIS, when choosing to contact the consumer reporting agencies, was obligated to inform them of the status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after he had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine

6

fact issue given that he said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

53. OIS used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

54. OIS's collection communications are to be interpreted under the "least sophisticated consumer" standard. See Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, a court must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

55. OIS violated the Plaintiff's right not to be the target of misleading debt collection communications.

56. OIS violated the Plaintiff's right to a truthful and fair debt collection process.

57. OIS's communications with Plaintiff were deceptive and misleading.

58. OIS used unfair and unconscionable means to attempt to collect the alleged debt.

59. OIS's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to OIS's collection efforts.

60. OIS's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

61. OIS's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

62. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

63. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of OIS's conduct.

64. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. OIS's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

65. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to fear, stress, mental anguish, emotional stress, and acute embarrassment.

66. Defendant OIS's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Kourtney Williams, prays that this Court:

A. Declare that OIS's debt-collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Kourtney Williams, and against OIS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

67. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

69. OIS's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

70. OIS attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to her credit report.

71. OIS could have no other purpose in doing this except to harm Plaintiff's reputation and deprive her of her ability to receive any type of credit line unless she paid the alleged debts.

72. Defendant OIS's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Kourtney Williams, prays that this Court:

    A.    Declare that OIS's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Kourtney Williams, and against OIS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices**

73.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

74.    Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

75.    OIS attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

76.    OIS used unfair and unconscionable means to attempt to collect the alleged debt.

77.    OIS's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Kourtney Williams, prays that this Court:

    A.    Declare that OIS's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Kourtney Williams, and against OIS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

### Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of non-Dispute

78. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

79. OIS violated 15 U.S.C. § 1681s-2(b) by continuing to report the OIS representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's notice of the representation; by failing to review all relevant information regarding same; by failing to accurately respond to OIS; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the OIS representations to the consumer reporting agencies.

80. As a result of this conduct, action and inaction of OIS, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

81. Defendant OIS's conduct, action and inaction were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. Plaintiff is entitled to recover costs and attorney's fees from OIS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kourtney Williams, prays that this Court:

A. Declare that OIS's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Kourtney Williams, and against OIS for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Kourtney Williams, and against OIS, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

83. Plaintiff demands a trial by jury on all Counts so triable.

Dated: October 6, 2025

Respectfully Submitted,

**MAGINNIS HOWARD**

By: /s/ Karl S. Gwaltney
Karl S. Gwaltney
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
T: 919-526-0450
F: 919-882-8763
kgwaltney@carolinalaw.com
*Local Civil Rule 83.1(d) Attorney for Plaintiff*

**HALVORSEN KLOTE DAVIS**

By: /s/ Seid Music

Seid Music, #76713
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
seid@hkdlawstl.com
*Attorney for Plaintiff*
*Pro Hac Vice Forthcoming*